# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RONNIE E. GONZALES,

    Petitioner,

vs.                                                                 Civil No. 98-677 LH/ WWD

TIM LEMASTER, et al.,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed June 4, 1998. Gonzales is currently incarcerated and is proceeding *pro se* and *in forma pauperis.* Petitioner is confined pursuant to the judgment, sentence and commitment of the Seventh Judicial District Court in the Court of Torrance County for Driving While License Suspended or Revoked and a Third DWI, None Aggravated. He pled no contest to the charges, and was sentenced for a period of two years minus two days.

    2. Petitioner alleges that the sentences imposed are illegal in that they were imposed consecutively rather than concurrently, and that they exceed a statutory limit for misdemeanors of 364 days in a county jail, rather than in a state penitentiary. He also alleges that the Judgment and Sentence ("J&S") was illegally amended. However, for the reasons below, I find that the petition, even with all of the facts alleged as true, does not state a constitutional claim.

    3. Also, federal habeas courts must give great deference to state factual findings. See

Williamson v. Ward, 110 F.3d 1508, 1513 n. 7 (10th Cir.1997) (quoting 28 U.S.C. § 2254(d)). Subsequent to his sentencing, Gonzales filed a motion to vacate an illegal sentence, and a state habeas petition, both of which were denied. The state court orders which deny *both* of Petitioner's motions set out findings in considerable detail. See Ans., Exs. D & G. Thus, we could end the analysis here, deferring to the state court's findings about this case. Newsted v. Gibson, 1998 WL 720053 (10th Cir. Okla).

*Allegations Concerning Sentence*

4. Petitioner is correct that the maximum penalty for each of his convictions is 364 days. See N.M.S.A. 1978 §§ 66-5-39; 66-8-102. He is also correct that the place of confinement for misdemeanors is the county jail, see State v. Sawyers, 79 N.M. 557 (Ct.App. 1968), whereas terms of imprisonment of one year or more are served in a corrections facility designated by the corrections department, see N.M.S.A. 1978 § 31-20-2A.[1]

5. However, because *each* of the misdemeanors to which Petitioner pled was punishable by no more than 364 days, and the sentences were consecutive, the total sentence exposure for the two misdemeanors to which Gonzales pled was not less than a year, but in fact nearly two years, or 728 days.

6. Gonzales' contention is that state law mandates that his sentences be served concurrently because the original J&S was silent on the issue. However, using the case relied on by Petitioner, what New Mexico common law states is that sentences may be served concurrently *unless* "otherwise ordered by the court." State v. Mayberry, 97 N.M. 760 (Ct.App. 1982).

7. In this case, the trial judge used his discretion to require that the sentences be served

---

[1] Petitioner relied on Sawyers in his state motions.

2

consecutively. Further, and as the state court findings noted, Petitioner was aware from the Plea and Disposition Agreement sentencing would be made "at the discretion of the Court." Ans. Ex. C. Both the original and amended J&S were not silent on the issue at all. They both state that sentences were made consecutive pursuant to this discretion, in that both documents reflect the term of imprisonment to be a combination of the two sentences served separately. See Ans., Exs. A, B.

8. Contrary to Petitioner's contention, he should not be serving his sentence in the county jail. In the order denying Petitioner's Motion to Vacate, the state court cited to State v. Musgrave, 102 N.M. 148 (Ct.App. 1984), which makes it clear that the place of confinement depends on the length of sentences. The combined sentences of separate convictions are construed as one continuous sentence "for the full length of all the sentences combined." N.M.S.A. 1978 33-2-39 (Repl.Pamp. 1983), cited in Musgrave at 151. Here, the full length of Petitioner's two convictions add up to a total length of a year or more, and so Gonzales was properly sentenced to the custody of the department of corrections.

9. Thus, Gonzales' contention that the sentence imposed is illegal, that they exceed a statutory limit for misdemeanors, or that they otherwise offend notions of due process, has no merit.

*Allegations Concerning Amended Judgment*

10. Petitioner's claim that the original J&S was illegally amended also fails. First, as noted in the state court findings, S.C.R.A. 5-801 allows illegal sentences to be corrected at any


time.[2]  See Ex. G, ¶ 6.  Second, the amended J&S *decreased* Petitioner's sentence by subtracting two days off the basic sentence, and awarding him sixteen days pre-sentence confinement.  I share the same difficulty with the state court in trying to understand how Petitioner could complain about a change that shortens his sentence.

**Recommendation**

I recommend that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED and that this cause be dismissed with prejudice.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]  Rule 801 provides that "[t]he court may correct an illegal sentence at any time pursuant to Rule 5-802 and may correct a sentence imposed in an illegal manner within the time provided by this rule for the reduction of sentence."